HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD SCOTT,

    Plaintiff,

  v.

KING COUNTY,

    Defendant.

CASE NO. C12-725RAJ-MAT

ORDER

       This matter comes before the court on the Report and Recommendation (Dkt. # 15, "R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge. Plaintiff has responded to the R&R with a two-page objection and a two-page motion to appoint counsel. For the reasons stated below, the court declines to appoint counsel, and ADOPTS the R&R, dismissing this case with prejudice.

       Plaintiff's complaint is straightforward. Invoking 42 U.S.C. § 1983, he contends that a King County Superior Court judge held him in contempt of court for refusing to submit to a polygraph and to submit to penile plethysmography ("PPG"). He was confined in King County Jail for 30 days as a result. Plaintiff contends that the Washington Supreme Court has since held that compelled polygraph or PPG examinations are unlawful, and that his confinement was therefore also unlawful.

       The difficulty, as Judge Theiler noted in orders preceding the R&R, is that Plaintiff named only King County as a Defendant. The state court judge cannot be liable,

ORDER – 1

as judges have absolute immunity for their judicial decisions, even erroneous ones. Judge Theiler ordered Plaintiff to file an amended complaint that either pointed to an individual who was liable to Plaintiff or explained how King County could be liable. June. 11, 2012 ord. (Dkt. # 6).  That order explained that failure to file an amended complaint would lead to a recommendation to dismiss the case for to state a claim, in accordance with Federal Rule of Civil Procedure 12(b)(6).  *Id.* at 3.  Plaintiff did not file an amended complaint.  Judge Theiler then issued the R&R recommending that the court dismiss the case with prejudice for failure to state claim.

      Plaintiff's objection requests a lawyer and also requests that any dismissal of his action be without prejudice.  The court declines to appoint a lawyer.  In civil proceedings, litigants have no right to counsel.  Although this court has discretion to appoint counsel in some civil cases, the court declines to appoint counsel here.  On the record before the court, Plaintiff could not state a viable claim with or without an attorney.

      The R&R correctly recommends dismissing this action with prejudice.  Orders preceding the R&R placed Plaintiff on notice that his current complaint fails to state a claim.  Plaintiff declined to amend his complaint, meaning that a dismissal with prejudice for failure to state a claim is the correct result.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("Because [plaintiff] declined to amend his complaint further when given the opportunity, we affirm the district court's dismissal of the claims against [defendant] with prejudice under both Rule 9(b) and Rule 12(b)(6).").

      The court directs the clerk to dismiss this action without prejudice and to enter judgment.

      DATED this 28th day of November, 2012.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2